IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SIERRA CLUB and MONTANA ENVIRONMENTAL INFORMATION CENTER,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>PPL MONTANA LLC, AVISTA CORPORATION, PUGET SOUND ENERGY, PORTLAND GENERAL ELECTRIC COMPANY, NORTHWESTERN CORPORATION, PACIFICORP<br><br>　　　　　　Defendants. | CV 13–32- BLG-DLC–JCL<br><br>JOINT STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS |

Upon stipulation of counsel for Plaintiffs, Sierra Club and the Montana Environmental Information Center (collectively, "Plaintiffs") and for Defendants PPL Montana LLC, Avista Corporation, Puget Sound Energy, Portland General Electric Company, NorthWestern Corporation, and PacifiCorp (collectively "Defendants") for

an order protecting the confidentiality of certain confidential and proprietary documents, the Plaintiffs and Defendants (collectively, "Parties") hereby state as follows:

WHEREAS the Parties will engage in discovery in connection with the above-captioned action (the "Litigation"); and

WHEREAS certain documents and information to be produced in response to that discovery may involve the disclosure of confidential business, financial, proprietary and trade secret information;

The Court hereby orders as follows:

1. For the purpose of this Protective Order, "Discovery Material" shall mean any portion of a document, interrogatory answer, discovery request or response, deposition testimony, or other tangible thing or information obtained through any means of pretrial disclosures, discovery, or subpoena, or any portion, summary, or extract thereof, served upon or filed by any Party to the Litigation or any subpoenaed non-Party in connection with formal or informal discovery, hearing, or trial proceeding, or in any pleading, motion, affidavit, declaration, brief, or other document submitted to the Court.

2. For the purposes of this Protective Order, a "Designating Party" is a Party or non-Party that designates Discovery Material as "CONFIDENTIAL" pursuant to this Protective Order. Discovery Material designated as

"CONFIDENTIAL" pursuant to the provisions of this Order constitutes "Confidential Discovery Material" under this Order. All Confidential Discovery Material, and any summaries or other descriptions of such Confidential Discovery Material, shall be subject to the applicable restrictions of this Protective Order. A "Producing Party" is a Party or non-Party that produces Discovery Material in this Litigation and a "Receiving Party" is a Party that receives Discovery Material from a Producing Party.

3.  "Confidential Discovery Material" is Discovery Material that is entitled to confidential treatment under Fed. R. Civ. P. 26(c).

4.  Discovery Material may be designated as "CONFIDENTIAL" by the Producing Party if the Producing Party reasonably and in good faith determines such Discovery Material constitutes material that is kept confidential and out of the public domain and is a trade secret or confidential research, development, or commercial or financial information entitled to confidential treatment under Fed. R. Civ. P. 26(c). Nothing shall be regarded as "Confidential" if it is in the public domain at the time of disclosure or becomes part of the public domain through no fault of the Requesting Party. Furthermore, nothing shall be regarded as "Confidential" if the Requesting Party can show that the information was in its rightful and lawful possession at the time of disclosure and was not otherwise subject to restriction as to disclosure; or the Requesting Party lawfully receives such information at a later date from a third party without restriction as to disclosure provided such third party has the right to make the

disclosure to the Requesting Party. No Confidential Discovery Material or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided herein.

     5.     A Producing Party may designate Discovery Material as confidential by marking the Discovery Material "CONFIDENTIAL"[1] in a readily visible and noticeable manner. In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Discovery Material shall be designated by a stamp or designation on each such document or response prior to production or service, except that where a Party produces documents for inspection pursuant to Fed. R. Civ. P. 34, the Party may designate any Confidential Discovery Material within 30 days of the date on which the Producing Party is notified by the Requesting Party of the specified documents that are requested to be copied. Any Party photocopying or otherwise duplicating Confidential Discovery Material shall ensure that the "CONFIDENTIAL" designation appears clearly on any such copies or duplicates.

---

[1] A Producing Party may use a designation other than "CONFIDENTIAL" for Confidential Discovery Material provided that the Producing Party provides written notice of the alternative designation to counsel for Receiving Parties. To the extent Discovery Material previously produced by Defendants to the U.S. Environmental Protection Agency in response to requests for information under Section 114 of the CAA is produced in discovery in this Litigation, any such Discovery Material that was subject to a claim of confidentiality and marked as "Confidential Business Information" shall be considered to have been designated as "CONFIDENTIAL" for the purpose of this Protective Order and need not be remarked. The Defendants recognize that the "confidential" designation of this material is subject to challenge under the terms of this Protective Order.

With respect to electronic data, videotapes, or other Discovery Material where it is difficult to affix a stamp or label on the Discovery Material itself, the notation "CONFIDENTIAL" may be plainly marked on a label affixed to the disk, tape, or other medium on which the Discovery Material is stored rather than affixed to the Discovery Material itself. The Producing Party must take care to designate for protection only those parts of the Discovery Materials that qualify for protection.

6. If any non-Party receives a request or subpoena seeking documents or tangible things and the requested documents or tangible things contain Confidential Discovery Materials, then the non-Party may designate such material as confidential in accordance with Paragraph 5. Non-Party Confidential Discovery Materials designated as such, or any copy, excerpt, or summary thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order. Any non-Party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-Party's claim of confidentiality and bears the burden of establishing its claim to confidentiality in such proceedings.

All other Discovery Material produced by a non-Party shall be treated in a manner consistent with a designation of "CONFIDENTIAL" under Paragraph 5 until 28 days from receipt by the Parties. During that time, any Party may designate Discovery Material provided by the non-Party as "CONFIDENTIAL" by written

notification to counsel for the other Parties. The Designating Party shall thereafter provide the other Parties with an exact copy of the Discovery Materials marked "CONFIDENTIAL" at no cost to the other Parties and such materials shall be fully subject to this Protective Order as if they had been initially so designated.

7.   Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following persons, except upon the prior written consent of the Designating Party or non-Party:

   a)   the Court (including appellate courts and any ancillary judicial body in connection with the Litigation) and its personnel, including magistrate judges, mediators and jurors;

   b)   "outside" and "in-house" counsel to any of the Parties (and students at the Earthrise Law Center of the Lewis and Clark Law School who are working under the supervision of the Plaintiffs' outside counsel), their legal assistants and clerical and other support staff;

   c)   officers, directors and employees (current or former) of any of the Parties who are assisting counsel in the prosecution or defense of the Litigation or whom counsel must advise concerning the status of the Litigation;

   d)   outside experts and consultants, and any employees or persons

    retained by any such experts or consultants to assist them in their role as experts or consultants, employed or retained by any of the Parties or their counsel who are participating in the prosecution or defense of the Litigation;

 e)  deponents noticed by the Parties, to the extent necessary for the conduct of this Litigation;

 f)  court or deposition stenographers and videographers, and their staffs;

 g)  outside vendors, including their employees, retained by outside or in-house counsel for any Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services.

8.  Before any disclosure of Confidential Discovery Materials is made to any individual described in paragraphs 7(d), (e), (g), or to any student at the Earthrise Law Center of the Lewis and Clark Law School mentioned in paragraph 7(b),[2] such individual must be provided a copy of this Protective Order and must agree to be bound thereto and execute a certification in the form of Exhibit A attached hereto.

---

[2] When Confidential Information is disclosed to law students participating in this litigation, counsel for that Party must accept full personal and professional responsibility for all work performed by the student and any noncompliance with the terms of this Protective Order.

Counsel must retain copies of the signed certifications. Documents may be handled by clerical personnel in the employ of any Party or non-Party that has executed the agreement who are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc. without such personnel signing the agreement.

9. Confidential Discovery Material may be used solely for the prosecution, defense, or settlement of this Litigation (including appeals), and for no other purpose, absent further order of the Court. Under no circumstances shall any Confidential Discovery Material be copied, disclosed, transmitted, or used for any other purposes.

10. All Parties, their Counsel, and all persons designated in Paragraph 7, above, who obtain Confidential Discovery Materials shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Discovery Materials, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner that ensures that access is limited to the persons authorized under this Order.

11. Whenever Confidential Discovery Material is referred to or disclosed in a deposition, any Party may exclude from the room during such testimony any person who is not authorized to receive Confidential Discovery Materials under this Protective Order. Additionally, any Party or any non-Party deponent may in good faith designate portions of a deposition transcript containing Confidential Discovery Material by (a) within the earlier of fourteen (14) days from the date the final

transcript is first available for review by the witness or from the date that the preliminary transcript is received by counsel, provide a redacted version that redacts the portions that are confidential; and (b) provides a list of each redaction and the specific basis for claiming confidentiality (with the understanding that the default justification for redaction is that the material redacted is a "trade secret or other confidential research, development, or commercial information.").

12.  Whenever Confidential Discovery Material is to be referred to or disclosed in a hearing or trial proceeding, any Party or non-Party may move in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this Protective Order that the Court exclude from the room those persons who are not authorized to receive Confidential Discovery Materials under this Protective Order. In addition, any Party or non-Party may move the Court to designate any testimony given in such hearing or trial proceeding as CONFIDENTIAL, and to require the reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the word CONFIDENTIAL, and seal it in a separate envelope. Whenever any document designated as CONFIDENTIAL is identified as an exhibit in connection with testimony given in any hearing or trial proceeding in this Litigation, any Party or non-Party may move that it be so marked if it has not previously been marked and appropriately sealed. Where the Court rules that such material is entitled to protection from disclosure under this Protective Order and the

Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable law, only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses a, b, and f of Paragraph 7, shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

      13.    All Confidential Discovery Material, and any pleading, motion or other paper filed with the Court containing or disclosing Confidential Discovery Material, that any Party or non-Party seeks to file with the Court shall be filed under seal in accordance with Rule 5.1 of the Local Rules of Procedure for the United States District Court for the District of Montana ("LR"). Before any Confidential Discovery Material is filed under seal in this Litigation, the Party or non-Party seeking to file the Confidential Discovery Material shall meet with the Producing Party to confer in good faith to the extent reasonably practicable to limit the Discovery Material that must be filed under seal in order to minimize the burdens of the Court, including the possibility that the Discovery Material might be redacted so that filing under seal would be unnecessary. The parties are advised that any party seeking to file documents under seal pursuant to this paragraph shall seek leave of Court in accordance with the pertinent provisions of L.R. 5.1, making the appropriate showing of good cause or compelling reasons as delineated in *Kamakana v. City and County*

of Honolulu, 447 F.3d 1172 (9th Cir. 2006) and *Pintos v. Pacific Creditors Assn.*, 605 F.3d 665 (9th Cir. 2010).

14. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A Party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party and the Designating Party shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, either the Designating Party or the challenging Party may apply for an appropriate ruling from the Court.  In any such application for a ruling, the Designating Party shall have the burden of proof to establish that the designated material is in fact confidential and is entitled to confidential treatment. The information at issue shall continue to be treated as Confidential Discovery Information pursuant to this Protective Order until the Parties agree or the Court rules otherwise.

15. The inadvertent disclosure of Discovery Material without a designation of "CONFIDENTIAL" shall not be a waiver in whole or in part of a Party's or non-

Party's claim or confidentiality with respect to information so disclosed. A Party or other person making such inadvertent disclosure must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered. Upon receiving notice that Confidential Discovery Material has been inadvertently produced, the Receiving Party shall thereafter treat such material consistent with a designation of "CONFIDENTIAL" under Paragraph 5, and such Discovery Material shall be subject to all of the conditions and limitations set forth in this Protective Order. The Designating Party shall thereafter provide the other Parties with an exact copy of the Discovery Materials marked "CONFIDENTIAL" at no cost to the other Parties and such materials shall be fully subject to this Protective Order as if they had been initially so designated. Following receipt of the properly marked Discovery Materials, the Receiving Party shall destroy any inadvertently produced information and all copies thereof. Disclosure by a Party of the document or information prior to receipt of written notice that Confidential Discovery Material has been inadvertently produced by the designator shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken by the Parties to protect such inadvertently disclosed information after notification is received from the designator in accordance with this Protective Order.

16. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not

authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

17.     Nothing in this Protective Order shall limit or affect the right of a Designator to disclose, to authorize disclosure of, or to use in any way, its own Confidential Discovery Material.

18.     Within sixty (60) days after the final termination of this Litigation, including any appeals thereof: (a) all original and identical copies of Confidential Discovery Material shall promptly be returned to the Party or non-Party who provided such Confidential Discovery Material or, upon that Party's or non-Party's written consent, shall be destroyed; and (b) any and all notes, abstracts, summaries, and excerpts prepared from Confidential Discovery Material shall be destroyed. Counsel for the Party receiving Confidential Discovery Material shall provide a certification in writing within ten (10) days of such destruction, to counsel for all other Parties that such materials have been destroyed. A non-Party may request that all Parties return all Confidential Discovery Material at no cost to said non-Party. Notwithstanding the

foregoing, each Party shall be permitted to keep and maintain an index of all documents produced by Parties and non-Parties in the Litigation and may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Information remain subject to this Protective Order as set forth in Paragraph 25.

19. If a Receiving Party is served with a lawful subpoena, an order of a regulatory or judicial body or other legal process that would compel disclosure of any information or items designated in this Litigation as Confidential, the Receiving Party must so notify the Designating Party, in writing (and by e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena, order or other legal process. Such notification must include a copy of the subpoena, order or legal process. The Receiving Party also must immediately inform in writing the party who caused the subpoena, order or other legal process to issue that some or all of the material covered by the subpoena, order or other legal process is the subject of this Protective Order, and shall promptly deliver a copy of this Protective Order to such party.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this

Litigation an opportunity to seek judicial protection or take such other measures as it may deem necessary to prevent such Confidential Discovery Material from being produced or otherwise becoming part of the public domain. The Designating Party shall bear the burdens and expenses of seeking protection of its confidential material. If such judicial protection or other measure is not obtained and all appeals of any adverse decision are unsuccessful or if the Designating Party waives compliance by the Receiving Party with the provisions of this Protective Order, the Receiving Party shall disclose only that portion of the Confidential Discovery Material in question which the Receiving Party's counsel advises is legally required to be released.

20. In the event that any additional persons or entities become parties to the Litigation, neither they nor their counsel shall have access to Confidential Discovery Material produced by the Parties or any non-Parties until the newly-joined Party, by its counsel, and the existing Parties to this action have so agreed in a supplemental protective order executed by all parties.

21. This Protective Order shall not be deemed to prevent any Party from seeking, for good cause shown, a further protective order, either more or less restrictive, as to any document, tangible thing, material, testimony or information. The Party seeking the further protective order bears the burden of establishing good cause for any change from the terms of this Protective Order.

22. This Protective Order shall not be deemed a waiver of:

    a)      any Party's right to seek an order compelling discovery with respect to any discovery requests;

    b)      any Party's right to object to any discovery or the production of any information or documents;

    c)      any Party's right to object to the admission of any evidence on any grounds in any proceeding herein; or

    d)      any Party's right to use and disclose its own Confidential Discovery Material with complete discretion.

5.      This Protective Order may be modified by further order of the Court, or by agreement of counsel for the Parties, subject to the approval of the Court and provided that any such agreement shall be in the form of a written stipulation filed with the Clerk of the Court and made a part of the record in this case.

6.      The Court expressly retains jurisdiction over the enforcement of this Protective Order after the dismissal or entering of judgment in this matter.

7.      All provisions of this Protective Order shall survive the conclusion of the Litigation, and shall continue to be binding after the conclusion of the Litigation unless subsequently modified by agreement among the Parties or further order of the Court. "Conclusion of the Litigation" shall mean all appeals have been concluded, all appellate periods have expired and any settlement or judgment has become final.

8.      Prior to the date that the Court enters or rejects this Protective Order and

for a period of thirty (30) days thereafter, all Confidential Discovery Material produced in the Litigation by any Party or non-Party shall be treated as if this Protective Order had been entered by the Court.

      9.      The purpose of this Protective Order is to: (1) facilitate discovery and production of documents in this Litigation that a Party or non-Party considers Confidential Discovery Material; and (2) restrict use of Confidential Discovery Material to those uses necessary for the defense and prosecution of this Litigation. Nothing in this Order shall prejudice in any way the right of any Party to seek a court determination of whether particular Discovery Material should remain subject to the terms of this Protective Order. Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

      DATED this 12th day of July, 2013.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge