IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SIERRA CLUB and MONTANA ENVIRONMENTAL INFORMATION CENTER, <br><br> Plaintiffs, <br><br> vs. <br><br> PPL MONTANA LLC, AVISTA CORPORATION, PUGET SOUND ENERGY, PORTLAND GENERAL ELECTRIC COMPANY, NORTHWESTERN CORPORATION, PACIFICORP <br><br> Defendants. | CV 13-32-BLG-DLC–JCL <br><br><br> ORDER |

A preliminary pretrial conference in this case was held on July 17, 2013, in

Missoula, Montana.  Plaintiff was represented by Roger Sullivan, George Hays,

and Aubrey Baldwin.  Defendants were represented by Joshua Frank, William

Mercer, Stephen Bell, and Stephen Brown.  Pursuant to the discussion elicited at

the conference, IT IS HEREBY ORDERED:

**1.**     This action is bifurcated into a liability phase and a remedy phase,
and the following schedule will govern all further pretrial proceedings:

Deadline for Amending Pleadings
and Joining Additional Parties:              September 27, 2013

1

**Phase I:  Liability**

| | |
|---|---|
| Expert Reports (where party has burden): | April 4, 2014 |
| Responsive Expert Reports: | May 23, 2014 |
| Discovery Deadline: | June 9, 2014 |
| Motions Deadline (fully briefed): | July 25, 2014 |
| Attorney Conference to Prepare Final Pretrial Order: | August 8, 2014 |
| Motions In Limine Deadline (fully briefed): | September 5, 2014 |
| E-file Final Pretrial Order, Proposed Jury Instructions, Proposed Voir Dire Questions, and Trial Briefs and e-mail to dlc_propord@mtd.uscourts.gov (Trial Briefs are optional): | September 19, 2014 |
| Notice to Court Reporter of Intent to Use Real-Time: | September 19, 2014 |
| Notice to I.T. Supervisor of Intent to Use CD-ROM or Videoconferencing: | September 19, 2014 |
| Notice to Clerk's office of intent to use JERS (see ¶ 17): | September 19, 2014 |
| Final Pretrial Conference: | October 9, 2014, at 1:30 p.m. Russell Smith Courthouse Missoula, Montana |

Jury Trial (7-member jury):                    October 20, 2014, at 8:30 a.m.[1]
                                               James F. Battin Courthouse
                                               Billings, Montana


**Phase II:  Remedies**

Expert Reports (where party has burden):   February 14, 2015

Responsive Expert Reports:                 March 28, 2015

Discovery Deadline:                        April 18, 2015

Motions Deadline (fully briefed):          May 30, 2015

Motions In Limine Deadline (fully briefed): July 15, 2015

Attorney conference to prepare
Final Pretrial Order:                      August 3, 2015

E-file Final Pretrial Order,
Proposed Findings of Fact &
Conclusions of Law, and
trial briefs and e-mail
to dlc_propord@mtd.uscourts.gov
(trial briefs are optional):               August 17, 2015

Notice to court reporter of
intent to use real-time:                   August 17, 2015

Notice to I.T. supervisor of
intent to use CD-ROM or
video-conferencing:                        August 17, 2015

---

[1]Pursuant to 18 U.S.C. § 3161(h) and Fed.R.Crim.P. 50, criminal matters take priority over civil matters in the event of a conflict.  Accordingly, all civil trial settings are subject to the Court's criminal calendar.

Final pretrial conference:                              August 24, 2015, at 8:30 a.m.
                                                        James F. Battin Courthouse
                                                        Billings, Montana

Bench trial:                                            August 24, 2015, immediately
                                                        following Final Pretrial
                                                        Conference[2]
                                                        James F. Battin Courthouse
                                                        Billings, Montana

**The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline, without a court order.  However, parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court.  Such motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

**IT IS FURTHER ORDERED:**

**2.  Local Rules and Electronic Filing**.  Parties are advised that revised Local Rules for the District of Montana became effective January 31, 2013, and apply in all cases pending when changes become effective.  In addition, all counsel shall take steps to register in the Court's electronic filing system ("CM-

---

[2] Pursuant to 18 U.S.C. § 3161(h) and Fed.R.Crim.P. 50, criminal matters take priority over civil matters in the event of a conflict.  Accordingly, all civil trial settings are subject to the Court's criminal calendar.

ECF"). All counsel must show cause if they are not filing electronically. Further

information is available on the Court's website, www.mtd.uscourts.gov, or from

the Clerk's Office. See also L.R. 1.4.

     **3. Service by E-Mail for Parties Not Filing Electronically**. Parties not

filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ.

P. 5(b)(2)(E), by agreeing to such service in writing. See L.R. 1.4(c)(3).

     **4. Stipulations**. All stipulations and agreements between the parties set

forth in the Parties' Rule 26(f)(3) Statement (Dkt. 54) are incorporated herein by

this reference.

     **5. Discovery Exhibits**. During discovery, the exhibits shall be numbered

seriatim. Numbers used for exhibits during discovery shall be identically used at

trial.

     **6. Foundation & authenticity of discovery items**. Pursuant to Fed. R.

Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all

discovery items produced in pre-trial disclosure and during the course of

discovery. However, if counsel objects to either the foundation or the authenticity

of a particular discovery item, then counsel must make a specific objection to

opposing counsel, in writing, prior to the deadline for the close of discovery. If a

discovery item is produced and the producing party objects either to its foundation

or authenticity, the producing party shall so state, in writing, at the time of production.  This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial.  All other objections are reserved for trial.

       7.  **Supplementation of Discovery Responses**.  Pursuant to Fed. R. Civ. P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

       8.  **Expert Disclosure**.

       (a) Retained or Specially Employed

       Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.  Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B).  Objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be made within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived.  <u>An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.</u>  In this regard, a treating physician is not

considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis.  If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

(b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report under Rule 26(a)(2)(B), a party must serve a disclosure, identifying the evidence and stating:

(i) the subject matter on which the witness is expected to present evidence under Fed. R. Civ. Evid. 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

9.  **Rebuttal Experts**.  Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure.  Fed. R. Civ. P. 26(a)(2)(D)(ii).

**10.  Supplementation of Incomplete or Incorrect Expert Reports**.

Supplemental disclosures by a witness who is retained or specially employed to

provide expert testimony in the case or whose duties as an employee of a party in

the case involve giving expert testimony, whose report or deposition is <u>incomplete</u>

or <u>incorrect</u>, must be disclosed no later than ninety (90) days before the date set for

trial set forth in paragraph 1.

**11.  Motions**.  Pursuant to Fed. R. Civ. P. 16(b)(3)(A), all dispositive

motions, discovery motions, and motions in limine shall be fully briefed by the

date set forth in paragraph one.  "Fully briefed" means that the brief in support of

the motion and the opposing party's response brief are filed with the court.

**12.  Unopposed Motions.**  Unopposed motions shall be accompanied by a

proposed order, separate from the motion.  The proposed order shall be a Word

Perfect document with 14-point Times New Roman font, and there shall be no

code or formatting in the case caption in the proposed order.  The proposed order

shall be e-filed under the heading "Text of Proposed Order" and e-mailed to

dlc_propord@mtd.uscourts.gov.  Failure to comply with this procedure will result

in delayed resolution of the unopposed motion.

13. **Hearings & Oral Arguments**.  Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

14. **Number of Jurors and Length of Trial - Liability Phase**.  Trial of the liability phase of this case shall be conducted in Billings, Montana before a jury of 7 persons.

15. **Bench Trial - Remedy Phase**.  Bench trial of the remedy phase of this case shall be conducted in Billings, Montana, before the Honorable Dana L. Christensen.

16. **Attorney Conference for Trial Preparation**.  If the case does not settle, counsel for the plaintiffs shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b).  The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  See generally Forms D, E, and F, Local Rules Appendix C.

**17.  Trial Exhibits**.

(a)     Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference.  Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b)     Each exhibit must show the number of the exhibit.  If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c)     Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiffs using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers.

(d)     Each exhibit must be paginated, including any attachments thereto.  <u>Exhibits shall not be duplicated</u>.  An exhibit may be used by either of the parties.

(e)     Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits.  The paper copy shall be formatted as described in (b), above.  The electronic files and paper copy shall be delivered to

the chambers of Judge Dana L. Christensen on or before the date of the final

pretrial conference.

(f)  Failure to comply with (a) through (e) above may result in the

exclusion of the exhibit at trial.

**18.  Jury Evidence Recording System (JERS)**.  The parties shall be

prepared to use the Jury Evidence Recording System (JERS).  JERS is available

through the court.  It allows jurors to use a touch-screen to see the evidence

admitted at trial in the jury room during their deliberations.  Detailed information

about how to use JERS, including contact information for District personnel who

can explain further, is found on the Court's website,  http://www.mtd.uscourts.gov/

under the heading "Attorneys."  Parties must contact the Clerk's office for

technical assistance for the use of JERS by the time of the Final Pretrial

Conference in the case and in no event less than two weeks before trial.

**19.  Final Pretrial Order**.  The parties should e-file the proposed Final

Pretrial Order and e-mail a copy in Word Perfect format to

dlc_propord@mtd.uscourts.gov.  Once filed and signed by the Court, the Final

Pretrial Order supersedes all prior pleadings and may not be amended except by

leave of court for good cause shown.

20.  **Final Pretrial Conference**.  Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the liability phase of this action on the date and time set forth in paragraph 1. Counsel shall appear before the Court in chambers in Billings, Montana, for the final pretrial conference on the remedy phase of this action on the date and time set forth in paragraph 1.  Each party should bring Judge Christensen's copy of its trial exhibits if a copy has not already been delivered to chambers.

21.  **Trial Briefs**.  Trial briefs are optional but if filed must be received by the court on the date indicated in paragraph 1.

22.  **Jury Instructions**.

(a)     The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions).  If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions.  **No two instructions shall be submitted with the same number.** The parties shall also prepare an agreed upon verdict form with the instructions.  If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

(b)  <u>Filing of Joint Proposed Jury Instructions and Joint Proposed</u>

<u>Verdict Form</u>:  By the date set forth in paragraph 1, any party filing electronically

or, if no party is filing electronically, Plaintiff's counsel shall (1) file one working

copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and

(2) e-mail the same documents, plus a clean copy of each, in WordPerfect format

to dlc_propord@mtd.uscourts.gov.  If the documents are filed conventionally, the

filing party must deliver them to the Clerk of Court in the Division of venue.

(c)  <u>Electronic Filers' Supplemental Proposed Jury Instructions and</u>

<u>Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1)

file one working copy of its supplemental proposed Jury Instructions, together

with its proposed verdict form if the parties do not jointly propose one; and (2) e-

mail the same documents, plus a clean copy of each, in WordPerfect format to

dlc_propord@mtd.uscourts.gov.

(d)  <u>Conventional Filers' Supplemental Proposed Jury Instructions and</u>

<u>Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1)

deliver to the Clerk of Court in the Division of venue one working copy of its

supplemental proposed Jury Instructions, together with its proposed verdict form if

the parties do not jointly propose one; and (2) e-mail the same documents, plus a

clean copy of each, to dlc_propord@mtd.uscourts.gov.

**23.  Format of Jury Instructions.**

    (a)    The <u>clean copy</u> shall contain:

        (1)    a heading reading "Instruction No. ____", and

        (2)    the text of the instruction.

    (b)    The <u>working copy</u> shall contain:

        (1)    a heading reading "Instruction No. _",

        (2)    the text of the instruction,

        (3)    the number of the proposed instruction,

        (4)    the legal authority for the instruction, and

        (5)    the title of the instruction; i.e., the issue of law addressed

            by the proposed instruction.

    (c)    Jury instructions shall be prepared in 14-point Times New

        Roman font.

**24.  Settling of Instructions**.  The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**25.  Proposed Findings of Fact & Conclusions of Law.**

(a)     The parties shall jointly prepare one copy of proposed Findings of Fact upon which they agree, with citations to the record for each Finding of Fact.  Each party may also prepare a separate proposed Findings of Fact with citations to the record for each Finding of Fact for matters upon which parties cannot reach agreement.

(b)     The parties shall jointly prepare one copy of proposed Conclusions of Law upon which they agree, with appropriate citations for each Conclusion of Law.  Each party may also prepare a separate proposed Conclusions of Law with appropriate citations for each Conclusion of Law for matters upon which parties cannot reach agreement.

The parties should e-file the Proposed Findings of Fact & Conclusions of Law and e-mail a copy in Word Perfect format to dlc_propord@mtd.uscourts.gov on the date indicated in paragraph 1.

**26.  Calling Witnesses At Trial**.

When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document, <u>see</u> Form I, Local Rules Appendix C, providing the following information about the witness:

a) the full name and current address of the witness;

15

b) a brief description of the nature and substance of the witness's testimony;

c) date witness was deposed or statement taken

d) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 18th day of July, 2013.

_____
Jeremiah C. Lynch
United States Magistrate Judge