Norman J. Mullen, SBMT #5049
Special Assistant Attorney General
Montana Department of Environmental Quality
Legal Unit, Metcalf Building
P.O. Box 200901
Helena, Montana 59620-0901
Telephone: (406) 444-4961
email: nmullen@mt.gov

*Attorney for Proposed Amicus*
*Montana Department of Environmental Quality*



FILED
NOV 18 2013
Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| SIERRA CLUB and MONTANA ENVIRONMENTAL INFORMATION CENTER,<br><br>Plaintiffs,<br><br>vs.<br><br>PPL MONTANA LLC, AVISTA CORP., PUGET SOUND ENERGY, PORTLAND GENERAL ELECTRIC CO., NORTHWESTERN CORP., and PACIFICORP,<br><br>Defendants. | Case No.1: 13-cv-00032-DLC-JCL<br><br>**Brief in Support of Motion of Proposed Amicus Montana Department of Environmental Quality for Leave to File Amicus Brief Concerning Plaintiffs' First Motion for Partial Summary Judgment on the Applicable Method for Calculating Emission Increases from Modifications Made to the Colstrip Power Plant** |

# INTRODUCTION

The Montana Department of Environmental Quality (Department) is requesting leave to file an amicus brief on the Plaintiffs' Motion for Partial Summary Judgment in this Clean Air Act citizens' suit between Plaintiffs Sierra Club and Montana Environmental Information Center and Defendants, which are referred to collectively as PPL Montana because it is the defendant that operates, and holds the air quality permits for, the Colstrip power plant.

# THE DEPARTMENT IS INTERESTED BECAUSE THE RULING REQUESTED BY PLAINTIFFS CONFLICTS WITH MONTANA'S AIR RULES AND WOULD INCREASE PERMIT APPLICATIONS AND THE DEPARTMENT'S WORKLOAD

Local Rule 7.5(b)(2)(C) requires an entity requesting leave to file an amicus brief to "state why the amicus is interested in the matter."

The Department is interested in the matter as the state regulatory agency that issues permits required under the New Source Review (NSR) program, which includes (a) Prevention of Significant Deterioration (PSD) for major stationary sources in clean air (attainment) areas and (b) non-attainment new source review in areas not meeting clean air standards (non-attainment areas).

Plaintiffs' motion asks the court to rule that, in Montana, when air emission increases have been caused by a physical or operational change at a facility, other than routine maintenance, repair, or replacement, the facility's "potential to emit"

after the change must be compared to the actual emissions in the 24 months before the change. The difference would be used to determine if a significant net increase in emissions occurs from the change. Unless "netting" of emissions decreases then drops the increase below the significant level, a significant net emission increase requires a new permit. A new permit triggers Best Available Control Technology (BACT) limits and other requirements to protect attainment areas, and Lowest Achievable Emissions Rate (LAER) technology, emissions offsets, and other requirements in non-attainment areas. A new permit requires significant expenditure of resources by a permit applicant in submitting an application and implementing and complying with permit conditions. The Department also expends significant resources to review and determine whether to approve permit applications, and to bring compliance and enforcement actions for failures to comply.

The standard used is important because it can determine the outcome of the inquiry; that is, it can determine whether a significant net emissions increase has occurred, which would require a new permit application. If the actual-to-potential standard proposed by Plaintiffs must be used without regard to the significance of the change for the purpose of determining if normal operations have begun, then many projects will have significant emissions increases, and a permit application, review, and approval process will be required for each such project. Many projects

are likely to require permits using the potential-to-emit standard because it assumes emissions occur at maximum capacity and during 24 hours of every one of the 365 days in a year. Another standard, which is used when an emissions unit **has** begun normal operations, compares actual emissions before the change to projected future actual emissions, does not assume the 24 hours/day, 365 days/year operation. At least partly as a result of that different assumption, use of the actual-to-projected-future-actual standard may result in fewer projects needing permits than the actual-to-potential standard.

Under Montana's rules, the Department is required to apply the appropriate standard using a case-by-case evaluation of whether each change is sufficiently significant so that a changed facility is considered never to have begun normal operations. See ARM 17.8.801(1)(c).

Another reason the Department is interested is that Plaintiffs ask the court to rule that **the** 24 months before the change is the baseline against which future emissions must be compared. However, Montana's rule, ARM 17.8.801(1)(a), requires the use of **a** two-year period before the change. A ruling for the Plaintiffs on this matter could interfere with the Department's discretion to determine the appropriate baseline period.

The Department will be affected by the court's rulings in this case because a ruling for the Plaintiffs would likely result in PPL Montana being required to apply

to the Department for many permits. In addition, there are about 20 other major stationary sources of air pollution in Montana that will likely be affected if such a ruling is used as precedent, because they will likely be required to apply to the Department for permits if their emissions after changes, as estimated under the standard adopted by the court, exceed significance thresholds. If the court adopts the standard urged by Plaintiffs, the Department's workload could increase significantly, because many projects for which the Department does not currently require permits would then need permits.

## AN AMICUS BRIEF IS DESIRABLE AND RELEVANT BECAUSE IT WOULD INFORM THE COURT HOW THE REGULATORY AGENCY INTERPRETS ITS RULES, AND BECAUSE ITS INTERESTS IN THE PROPER AND CONSISTENT APPLICATION OF CLEAN AIR REGULATION CAN NOT BE ADDRESSED BY THE PARTIES

Local Rule 7.5(b)(2)(D) requires an entity requesting leave to file an amicus brief to "state why an amicus brief is desirable and relevant, including why the parties cannot adequately address the matter."

As the air quality permitting agency in Montana, the Department has information and legal arguments that may benefit the court in ruling on (a) whether summary judgment is appropriate, and if so, (b) the proper standard that should be adopted based on the applicable facts.

The above description of the Department's interests also indicates why an amicus brief from the Department is desirable and relevant. In addition, an amicus brief is appropriate because the parties have interests different from those of the Department. The Plaintiffs seek to have the court rule that the potential-to-emit after the change must be compared to a baseline of the two years immediately before the change. As noted above, this approach would likely require PPL Montana to obtain many permits from the Department for its projects that make any changes beyond routine maintenance, repair, or replacement at its power plant. Such a permit would likely require more restrictions, and therefore more control equipment, on the pollutants the plant emits. Other permittees would face similar requirements. The approach would also interfere with the Department's interest in selecting a different baseline period if appropriate.

PPLM's interests in its response brief may include minimizing regulatory uncertainty and costs and time spent in applying for and implementing requirements of new permits. Because PPLM has not yet filed its response brief, the Department has not yet reviewed it. If amicus status is granted, the Department believes it will be useful to the court for the Department to address the matters raised in both parties' briefs.

In contrast to the interests of the parties, the Department is interested in the proper application of Montana law and rules to control air pollution, and in the

consistent implementation of its air regulatory program. The Department has information and interpretations relevant to Montana that may not be presented to the court by the parties. The Department is also interested in retaining any flexibility inherent in the regulatory requirements to address specific factual situations that may exist or arise. These concerns cannot adequately be addressed by the parties because of their differing interests.

## CONCLUSION

The Department is interested in the matters raised in Plaintiffs' Motion for Partial Summary Judgment. It is desirable and relevant for the court to be informed, through an amicus brief, of the Department's information, interpretations, and arguments on those matters, and the parties cannot address the Department's concerns because of their differing interests. Therefore, the Department's request for leave to file an amicus brief should be granted.

//

//

//

//

//

If leave is granted, the Department requests the court to set a schedule for the filing of the amicus brief and for the parties to respond to the amicus brief within 14 days after it is filed.

STATE OF MONTANA
DEPARTMENT OF ENVIRONMENTAL QUALITY

11/14/13   By _____
Date           NORMAN J. MULLEN
               Special Assistant Attorney General
               Attorney for Department

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

In accordance with L.R. 7.1(d)(2)(E), the undersigned certifies that this brief contains 1,303 words, excluding caption, certificates of service and compliance. No table of contents and authorities or exhibit index was provided.

By: _____
    Norman J. Mullen

//

//

//

//

//

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Department's Brief in Support of Motion for Leave to File Amicus Brief, was sent on November 14, 2013, via U.S. Mail, postage pre-paid, to the attorneys for the parties, addressed as follows:

John Heenan
Bishop & Heenan
3970 Ave D Suite A
Billings MT  59102

Roger Sullivan
McGarvey Heberling
Sullivan & McGarvey PC
745 South Main Street
Kalispell MT  59901-5341

George E Hays
236 W Portal Ave #110
San Francisco CA  94127

Stephen R. Brown
Garlington Lohn &
Robinson PLLP
350 Ryman Street
Missoula MT  59802

William W Mercer
Michael P Manning
Holland & Hart LLP
PO Box 639
Billings MT  59103-0639

David C Bender
McGillivray Westerberg & Bender LLC
211 S Paterson Street Ste 320
Madison WI  53703

Aubrey E. Baldwin
Earthrise Law Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd
Portland OR  97219

William Bumpers
Joshua B Frank
Megan H Berge
Christine G Wyman
Baker Botts LLP
1299 Pennsylvania Ave NW
Washington DC  20004

Stephen D Bell
Dorsey & Whitney LLP
Millennium Building
125 Bank Street Ste 600
Missoula MT  59802-4407

B Andrew Brown
Dorsey & Whitney LLP
50 South Sixth St Ste 1500
Minneapolis, Minnesota  55402

*[signature]*