William Bumpers (admitted *pro hac vice*)
Joshua B. Frank (admitted *pro hac vice*)
Megan H. Berge (admitted *pro hac vice*)
Michael B. Schon (admitted *pro hac vice*)
Christine G. Wyman (admitted *pro hac vice*)
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: (202) 639-7700
Fax: (202) 639-7890

**COUNSEL FOR DEFENDANTS**

Stephen R. Brown
Garlington, Lohn & Robinson, PLLP
350 Ryman Street
Missoula, Montana  59802
Telephone:  (406) 523-2500
Fax: (406) 523-2595

**COUNSEL FOR AVISTA
CORPORATION
AND PACIFICORP**

William W. Mercer
Michael P. Manning
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, Montana  59103-0639
Telephone:  (406) 252-2166
Fax:  (406) 252-1669

**COUNSEL FOR PPL MONTANA, LLC,
PUGET SOUND ENERGY AND
PORTLAND GENERAL ELECTRIC
COMPANY**

Stephen D. Bell
Dorsey & Whitney LLP
Millennium Building
125 Bank Street, Suite 600
Missoula, Montana  59802-4407
Telephone: (406) 721-6025
Fax: (406) 543-0863

B. Andrew Brown (admitted *pro hac vice*)
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55402
Telephone: (612) 340-2600
Fax: (612) 340-2868

**COUNSEL FOR
NORTHWESTERN CORPORATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SIERRA CLUB and MONTANA ENVIRONMENTAL INFORMATION CENTER, )<br>)<br>)<br>) | Case No: CV 13-32-BLG-DLC-JCL |
| Plaintiffs, ) | |
| vs. )<br>) | |
| PPL MONTANA LLC, AVISTA CORPORATION, PUGET SOUND ENERGY, PORTLAND GENERAL ELECTRIC COMPANY, NORTHWESTERN CORPORATION, PACIFICORP, )<br>)<br>)<br>)<br>)<br>)<br>) | **ANSWER** |
| Defendants. ) | |

Defendants PPL Montana, LLC, Avista Corporation, Puget Sound Energy, Inc., Portland General Electric Company, NorthWestern Corporation d/b/a/ NorthWestern Energy, and PacifiCorp (collectively "Defendants") file this Answer to Plaintiffs Sierra Club and Montana Environmental Information Center's (collectively "Plaintiffs") Second Amended Complaint for Injunctive and Declaratory Relief and Civil Penalties ("Complaint"). Defendants deny that they are liable for any of the causes of action described in the Complaint based on any interpretation of statute or law asserted by Plaintiffs, and further answer Plaintiffs' Complaint as follows:[1]

## RESPONSE TO INTRODUCTION

1. Defendants admit that the Complaint purports to seek injunctive and declaratory relief and civil penalties pursuant to the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q. Defendants admit that Plaintiffs' original complaint was filed on March 6, 2013, and that Plaintiffs' first amended complaint was filed on September 27, 2013. Defendants admit that they have not previously filed an answer. The remaining contentions contained in paragraph 1 consist of both legal conclusions and alleged facts. Legal conclusions do not require a responsive pleading. To the extent a response is required, Defendants deny each and every

---

[1] Apart from its 160 numbered paragraphs, the Complaint contains headings and subheadings to which no responsive pleading is required. To the extent a response is deemed necessary, Defendants deny every allegation in every heading and subheading contained in the Complaint.

legal conclusion contained in paragraph 1. Defendants also deny the remaining factual allegations contained in paragraph 1.

2.　　Defendants admit that Plaintiffs' first amended complaint withdrew their earlier request for a jury.

3.　　Defendants admit that Plaintiffs purport to bring this action against Defendants pursuant to the CAA. The remaining contentions contained in paragraph 3 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

4.　　The contentions contained in paragraph 4 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

　　a.　　Defendants admit that construction projects have been undertaken at the Colstrip Steam Electric Station (the "Plant"). The remaining contentions contained in paragraph 4.a are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

　　b.　　The contentions contained in paragraph 4.b are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

## RESPONSE TO JURISDICTION AND VENUE

5.     The contentions contained in paragraph 5 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

6.     Defendants admit that they received letters from Plaintiffs dated July 25, 2012, September 27, 2012, December 1, 2012, July 27, 2013, and March 1, 2014, which speak for themselves.  Defendants deny the remaining allegations in the paragraph and deny that "violations of the Clean Air Act" have occurred..

7.     Defendants admit that Plaintiffs sent copies of the "sixty-day notice letters to Defendants" identified in Paragraph 6 above and to officers of the Montana Department of Environmental Quality ("MDEQ") and the U.S. Environmental Protection Agency ("EPA").  Defendants lack sufficient information to know whether Plaintiffs sent a copy of an alleged notice letter dated November 27, 2012 to MDEQ or EPA, and therefore deny it.  The remaining contentions are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

8.     Defendants admit that the Plant is located in Rosebud County. Defendants admit that Rosebud County is located in the District of Montana.  The remaining contentions contained in paragraph 8 are legal conclusions as to which no response pleading is required.  To the extent that a response is required,

Defendants admit that venue would be vested in this Court, if the Court had subject matter jurisdiction.

9. The contentions in paragraph 9 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants admit that the proper Division for this case would be the Billings Division, if the Court had subject matter jurisdiction.

## RESPONSE TO PARTIES

10. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and therefore deny them.

11. Upon information and belief, Sierra Club has members in Montana. Upon information and belief, Sierra Club seeks to protect the natural and human environment. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 11, and therefore deny them.

12. Upon information and belief, the Montana Environmental Information Center ("MEIC") is based in Helena, Montana. Upon information and belief, MEIC seeks to protect Montana's natural environment. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12, and therefore deny them.

13. Defendants admit that PPL Montana, LLC is a Delaware corporation. Defendants admit that PPL Montana operates the Plant and is a co-owner of units 1, 2 and 3 of the Plant.

14. Defendants admit that Avista Corporation is a Washington corporation. Defendants admit that Avista Corporation is co-owner of units 3 and 4 of the Plant.

15. Defendants admit that Puget Sound Energy, Inc. is a Washington corporation. Defendants admit that Puget Sound Energy, Inc. is co-owner of units 1, 2, 3 and 4 of the Plant.

16. Defendants admit that Portland General Electric Company is an Oregon corporation. Defendants admit that Portland General Electric Company is co-owner of units 3 and 4 of the Plant.

17. Defendants deny that NorthWestern Corporation, NorthWestern Corporation d/b/a/ NorthWestern Energy, is a Montana corporation, and state that Northwestern Corporation is a Delaware corporation. Defendants admit that NorthWestern Corporation is co-owner of unit 4 of the Plant.

18. Defendants admit that PacifiCorp is an Oregon corporation. Defendants admit that PacifiCorp is co-owner of units 3 and 4 of the Plant.

## RESPONSE TO PLAINTIFFS' INJURIES

19.    Defendants admit that the Plant is located east of Billings, Montana. Defendants admit that Unit 1 commenced commercial operation in November 1975, that Unit 2 commenced commercial operation in August 1976; that Unit 3 commenced commercial operation in January 1984, and that Unit 4 commenced commercial operation in April 1986.  Defendants admit that the units generate approximately the stated amount of net electricity.  Defendants admit that the Plant is the second largest coal-fired project west of the Mississippi and that the Plant uses approximately one rail car's worth of coal every five minutes.  Defendants admit that the Plant emits sulfur dioxide ("SO$_2$"), nitrogen oxides ("NOx"), carbon dioxide ("CO$_2$"), carbon monoxide ("CO"),  particulate matter ("PM"), and mercury in compliance with state and federal permits and laws.  Defendants deny that the Plant releases "massive amounts" of these emissions.  The emission of each of these pollutants by Colstrip is authorized by federal and state permits and regulations and Colstrip controls the emissions of each of these pollutants consistent with federal and state regulated and permitted emissions limits designed to protect human health and the environment.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 19, and therefore deny them.  In addition, paragraphs 19-30 of the Complaint allege various injuries and legal conclusions regarding the

Plant as a whole (*i.e.*, all four units and auxiliary equipment and facilities that are not at issue in this case). Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit.

20. Defendants deny that in 2011 the Plant emitted approximately 12,000 tons $SO_2$. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 20, and therefore deny them.

21. Defendants deny that in 2011 the Plant emitted approximately 15,000 tons of NOx. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 21, and therefore deny them.

22. The contentions contained in paragraph 22 consist of both legal conclusions and alleged facts. Legal conclusions do not require a responsive pleading. To the extent a response is required, Defendants deny each and every legal conclusion contained in paragraph 22. Defendants deny that in 2011 the Plant emitted the stated amount of $PM_{10}$. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 22, and therefore deny them.

23.     Defendants deny that in 2011 the Plant emitted the stated amount of mercury.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 23, and therefore deny them.

24.     The contentions contained in paragraph 24 consist of both legal conclusions and alleged facts.  Legal conclusions do not require a responsive pleading.  To the extent a response is required, Defendants deny each and every legal conclusion contained in paragraph 24.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 24, and therefore deny them.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25, and therefore deny them.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26, and therefore deny them.

27.     The contentions contained in paragraph 27 consist of both legal conclusions and alleged facts.  Legal conclusions do not require a responsive pleading.  To the extent a response is required, Defendants deny each and every legal conclusion contained in paragraph 27.  Defendants are without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 27, and therefore deny them.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations in paragraph 28, and therefore deny them. The remaining contentions contained in paragraph 28 consist of legal conclusions. Legal conclusions do not require a responsive pleading. To the extent a response is required, Defendants deny each and every legal conclusion contained in paragraph 28.

29. The contentions contained in paragraph 29 consist of both legal conclusions and alleged facts. Legal conclusions do not require a responsive pleading. To the extent a response is required, Defendants deny each and every legal conclusion contained in paragraph 29. Defendants also deny the factual allegations contained in paragraph 29.

30. The contentions contained in paragraph 30 consist of both legal conclusions and alleged facts. Legal conclusions do not require a responsive pleading. To the extent a response is required, Defendants deny each and every legal conclusion contained in paragraph 30. Defendants also deny the factual allegations contained in paragraph 30.

## RESPONSE TO LEGAL BACKGROUND

31.     The contentions contained in paragraph 31 are legal conclusions as to which no responsive pleading is required.

32.     The contentions contained in paragraph 32 are legal conclusions as to which no responsive pleading is required.

33.     The contentions contained in paragraph 33 are legal conclusions as to which no responsive pleading is required.

34.     The contentions contained in paragraph 34 are legal conclusions as to which no responsive pleading is required.

35.     The contentions contained in paragraph 35 are legal conclusions as to which no responsive pleading is required.

36.     The contentions contained in paragraph 36 are legal conclusions as to which no responsive pleading is required.

37.     The contentions contained in paragraph 37 are legal conclusions as to which no responsive pleading is required.

38.     The contentions contained in paragraph 38 are legal conclusions as to which no responsive pleading is required.

39.     The contentions contained in paragraph 39 are legal conclusions as to which no responsive pleading is required.

40.     The contentions contained in paragraph 40 are legal conclusions as to which no responsive pleading is required.

41.     The contentions contained in paragraph 41 are legal conclusions as to which no responsive pleading is required.

42.     The contentions contained in paragraph 42 are legal conclusions as to which no responsive pleading is required.

43.     The contentions contained in paragraph 43 are legal conclusions as to which no responsive pleading is required.

44.     The contentions contained in paragraph 44 are legal conclusions as to which no responsive pleading is required.

45.     The contentions contained in paragraph 45 are legal conclusions as to which no responsive pleading is required.

46.     The contentions contained in paragraph 46 are legal conclusions as to which no responsive pleading is required.

47.     The contentions contained in paragraph 47 are legal conclusions as to which no responsive pleading is required.

48.     The contentions contained in paragraph 48 are legal conclusions as to which no responsive pleading is required.

49.     The contentions contained in paragraph 49 are legal conclusions as to which no responsive pleading is required.

50.     The contentions contained in paragraph 50 are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO FACTUAL BACKGROUND

51.     Defendants admit that projects to maintain, repair, and replace components of Units 1-4 of Colstrip have been undertaken at the Plant. Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit. The remaining contentions contained in paragraph 51 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

52.     The contentions in paragraph 52 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

53.     Defendants admit that in 2012 the Unit 1 boiler economizer was replaced. The remaining contentions contained in paragraph 53 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

54.     Defendants admit that in 2011 a portion of the Unit 2 boiler water wall was repaired/replaced. The remaining contentions in paragraph 54 are legal

conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

55.     Paragraph 55 was intentionally left blank by Plaintiffs and requires no response.

56.     Defendants admit that in 2009 a portion of the Unit 4 boiler water wall was repaired/replaced. The remaining contentions contained in paragraph 56 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

57.     Defendants admit that in 2008 principal components of the Unit 2 high pressure and intermediate pressure turbine were replaced. The remaining contentions contained in paragraph 57 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

58.     Paragraph 58 was intentionally left blank by Plaintiffs and requires no response.

59.     Defendants admit that in 2006 the Unit 4 high pressure turbine was replaced. Defendants admit that in 2013 new reheat safety valves were installed at Unit 4. The remaining contentions contained in paragraph 59 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

60.     Defendants admit that in 2006 principal components of the Unit 1 high pressure and intermediate pressure turbine were replaced.  The remaining contentions contained in paragraph 60 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

61.     Defendants admit that in 2001 the front reheater pendants on Unit 3 were replaced.  The remaining contentions contained in paragraph 61 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

62.     Defendants admit that, as of the date of the Complaint, no preconstruction permit under 42 U.S.C. § 7475 and Mont. Admin. R. 17.8, and no operating permit under Mont. Admin R. 17.8, has been issued for the projects identified in the Complaint because no such permit was required.  The remaining contentions contained in paragraph 62 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

63.     The contentions contained in paragraph 63 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

64.     Paragraph 64 was intentionally left blank by Plaintiffs and requires no response.

## RESPONSE TO FIRST CLAIM FOR RELIEF

65.     With respect to the allegations contained in paragraph 65 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 64 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.  Additionally, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

66.     Defendants admit that in 2012 the Unit 1 boiler economizer was replaced.  The remaining contentions contained in paragraph 66 are legal conclusions as to which to responsive pleading is required.  To the extent a response is required, Defendants deny them.

67.     The contentions contained in paragraph 67 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

68.     The contentions contained in paragraph 68 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

69.     Defendants admit that, as of the date of the Complaint, no preconstruction permit under 42 U.S.C. § 7475 and Mont. Admin. R. 17.8 has been issued for the 2012 Unit 2 boiler economizer replacement because no such permit was required.  The remaining contentions contained in paragraph 69 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

70.     The contentions contained in paragraph 70 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

71.     The contentions contained in paragraph 71 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

72.     With respect to the allegations contained in paragraph 72 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 71 of this Answer with the same

force and effect as if those admission, denials, and contentions were made in this section in full.

73.    Defendants deny that Unit 1 lacks a valid operating permit, but admit that Unit 1's operator did not apply for an amendment or revision to the operating permit in relation to the 2012 Unit 1 boiler economizer replacement, because no such permit amendment or revision was required. The remaining contentions contained in paragraph 73 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

74.    The contentions contained in paragraph 74 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

75.    The contentions contained in paragraph 75 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

## RESPONSE TO THIRD CLAIM FOR RELIEF

76.    Defendants admit that this claim has been dismissed.

## RESPONSE TO FOURTH CLAIM FOR RELIEF

77.    With respect to the allegations contained in paragraph 77 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 76 of this Answer with the same

force and effect as if those admissions, denials, and contentions were made in this section in full.

78. Defendants admit that in 2009 a portion of the Unit 4 boiler water wall was repaired/replaced. The remaining contentions contained in paragraph 78 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

79. The contentions contained in paragraph 79 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

80. The contentions contained in paragraph 80 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

81. Defendants admit that, as of the date of the Complaint, no preconstruction permit under 42 U.S.C. § 7475 and Mont. Admin. R. 17.8 has been issued for the 2009 repair/replacement of a portion of the Unit 4 boiler water wall because no such permit was required. The remaining contentions contained in paragraph 81 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

82.     The contentions contained in paragraph 82 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

83.     The contentions contained in paragraph 83 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

84.     With respect to the allegations contained in paragraph 84 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 83 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

85.     Defendants deny that Unit 4 lacks a valid operating permit, but admit that Unit 4's operator did not apply for an amendment or revision to the operating permit in relation to the repair/replacement of a portion of the Unit 4 boiler water wall in 2009, because no such permit amendment or revision was required.  The remaining contentions contained in paragraph 85 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

86.     The contentions contained in paragraph 86 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

87.     The contentions contained in paragraph 87 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

88.     Defendants admit that this claim has been dismissed.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF

89.     With respect to the allegations contained in paragraph 89 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 88 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

90.     Defendants admit that in 2008 principal components of the Unit 2 high pressure and intermediate pressure turbine were replaced.  The remaining contentions contained in paragraph 90 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

91. The contentions contained in paragraph 91 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

92. The contentions contained in paragraph 92 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

93. Defendants admit that, as of the date of the Complaint, no preconstruction permit under 42 U.S.C. § 7475 and Mont. Admin. R. 17.8 has been issued for the 2008 replacement of principal components of the Unit 2 high pressure and intermediate pressure turbine because no such permit was required. The remaining contentions contained in paragraph 93 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

94. The contentions contained in paragraph 94 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

95. The contentions contained in paragraph 95 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

## RESPONSE TO EIGHTH CLAIM FOR RELIEF

96.     With respect to the allegations contained in paragraph 96 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 95 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

97.     Defendants deny that Unit 2 lacks a valid operating permit, but admit that Unit 2's operator did not apply for an amendment or revision to the operating permit in relation to the replacement of principal components of the Unit 2 high pressure and intermediate pressure turbine in 2008, because no such permit amendment or revision was required. The remaining contentions contained in paragraph 97 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

98.     The contentions contained in paragraph 98 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

99.     The contentions contained in paragraph 99 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

## RESPONSE TO NINTH CLAIM FOR RELIEF

100.   Defendants admit that this claim has been dismissed.

## RESPONSE TO TENTH CLAIM FOR RELIEF

101.   With respect to the allegations contained in paragraph 101 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 100 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

102.   Defendants admit that Plaintiffs have dismissed this claim.

## RESPONSE TO ELEVENTH CLAIM FOR RELIEF

103.   With respect to the allegations contained in paragraph 103 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 102 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

104.   Defendants admit that Plaintiffs have dismissed this claim.

## RESPONSE TO TWELFTH CLAIM FOR RELIEF

105.   Defendants admit that this claim has been dismissed.

## RESPONSE TO THIRTEENTH CLAIM FOR RELIEF

106.   With respect to the allegations contained in paragraph 106 and this section of the Complaint, Defendants repeat and reassert each and every admission,

denial, and statement set forth in paragraphs 1 – 105 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

107.  Defendants admit that in 2006 the Unit 4 high pressure turbine was replaced.  Defendants admit that in 2013 new reheat safety valves were installed at Unit 4.  The remaining contentions contained in paragraph 107 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

108.  Defendants deny that replacement of the Unit 4 high pressure turbine and the addition of reheat safety valves were performed as a single project.  The remaining contentions contained in paragraph 108 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

109.  The contentions contained in paragraph 109 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

110.  Defendants admit that, as of the date of the Complaint, no preconstruction permit under 42 U.S.C. § 7475 and Mont. Admin. R. 17.8 has been issued for the 2006 Unit 4 high pressure turbine replacement or the 2013 Unit 4 reheat safety valve installation because no such permit was required.  The

remaining contentions contained in paragraph 110 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

111. The contentions contained in paragraph 111 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

112. The contentions contained in paragraph 112 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

## RESPONSE TO FOURTEENTH CLAIM FOR RELIEF

113. With respect to the allegations contained in paragraph 113 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 112 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

114. Defendants deny that Unit 4 lacks a valid operating permit, but admit that Unit 4's operator did not apply for an amendment or revision to the operating permit in relation to the 2006 Unit 4 high pressure turbine replacement or the 2013 Unit 4 reheat safety valve installation, because no such permit amendment or revision was required. Defendants deny that replacement of the Unit 4 high

pressure turbine and the addition of reheat safety valves were performed as a single project. The remaining contentions contained in paragraph 114 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

115. The contentions contained in paragraph 115 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

116. The contentions contained in paragraph 116 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

## RESPONSE TO FIFTEENTH CLAIM FOR RELIEF

117. Defendants admit that this claim has been dismissed.

## RESPONSE TO SIXTEENTH CLAIM FOR RELIEF

118. With respect to the allegations contained in paragraph 118 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 117 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

119. Defendants admit that in 2006 principal components of the Unit 1 high pressure and intermediate pressure turbine were replaced. The remaining

contentions contained in paragraph 119 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

120. The contentions contained in paragraph 120 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

121. The contentions contained in paragraph 121 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

122. Defendants admit that, as of the date of the Complaint, no preconstruction permit under 42 U.S.C. § 7475 and Mont. Admin. R. 17.8 has been issued for the 2006 replacement of principal components of the Unit 1 high pressure and intermediate pressure turbine because no such permit was required. The remaining contentions contained in paragraph 122 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

123. The contentions contained in paragraph 123 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

124.   The contentions contained in paragraph 124 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

## RESPONSE TO SEVENTEENTH CLAIM FOR RELIEF

125.   With respect to the allegations contained in paragraph 125 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 124 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

126.   Defendants deny that Unit 1 lacks a valid operating permit, but admit that Unit 1's operator did not apply for an amendment or revision to the operating permit in relation to the 2006 replacement of principal components of the Unit 1 high pressure and intermediate pressure turbine, because no such permit amendment or revision was required.  The remaining contentions contained in paragraph 126 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

127.   The contentions contained in paragraph 127 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

128.   The contentions contained in paragraph 128 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

## RESPONSE TO EIGHTEENTH CLAIM FOR RELIEF

129.   Defendants admit that this claim has been dismissed.

## RESPONSE TO NINETEENTH CLAIM FOR RELIEF

130.   With respect to the allegations contained in paragraph 130 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 129 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

131.   Defendants admit that in 2001 the front reheater pendants on Unit 3 were replaced.  The remaining contentions contained in paragraph 131 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

132.   The contentions contained in paragraph 132 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

133.   The contentions contained in paragraph 133 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

134.  Defendants admit that, as of the date of the Complaint, no preconstruction permit under 42 U.S.C. § 7475 and Mont. Admin. R. 17.8 has been issued for the 2001 replacement of the front reheater pendants on Unit 3 because no such permit was required.  The remaining contentions contained in paragraph 134 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

135.   The contentions contained in paragraph 135 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

136.   The contentions contained in paragraph 136 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

## RESPONSE TO TWENTIETH CLAIM FOR RELIEF

137.   With respect to the allegations contained in paragraph 137 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 136 of this Answer with the same

force and effect as if those admissions, denials, and contentions were made in this section in full.

138.   Defendants deny that Unit 3 lacks a valid operating permit, but admit that Unit 3's operator did not apply for an amendment or revision to the operating permit in relation to the replacement of the front reheater pendants on Unit 3 in 2001, because no such permit amendment or revision was required.  The remaining contentions contained in paragraph 138 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

139.   The contentions contained in paragraph 139 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

140.   The contentions contained in paragraph 140 are legal conclusions as to which no responsive pleading is required.  To the extent a response is required, Defendants deny them.

## RESPONSE TO TWENTY-FIRST CLAIM FOR RELIEF

141.   Defendants admit that this claim has been dismissed..

## RESPONSE TO TWENTY-SECOND CLAIM FOR RELIEF

142.   With respect to the allegations contained in paragraph 142 and this section of the Complaint, Defendants repeat and reassert each and every admission,

denial, and statement set forth in paragraphs 1 – 141 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

143. Defendants admit that in 2011 portions of the Unit 2 boiler water wall were repaired/replaced. The remaining contentions contained in paragraph 143 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

144. The contentions contained in paragraph 144 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

145. The contentions contained in paragraph 145 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

146. Defendants admit that, as of the date of the Complaint, no preconstruction permit under 42 U.S.C. § 7475 and Mont. Admin. R. 17.8 has been issued for the 2011 repair/replacement of a portion of the Unit 2 boiler water wall because no such permit was required. The remaining contentions contained in paragraph 146 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

147. The contentions contained in paragraph 147 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

148. The contentions contained in paragraph 148 are legal conclusions as to which no responsive pleading is required. To the extent a response is required, Defendants deny them.

149. Defendants admit that Plaintiffs' claim for injunctive relief with respect to this claim have been dismissed.

## RESPONSE TO TWENTY-THIRD CLAIM FOR RELIEF

150. With respect to the allegations contained in paragraph 150 and this section of the Complaint, Defendants repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 – 149 of this Answer with the same force and effect as if those admissions, denials, and contentions were made in this section in full.

151. Defendants admit that Plaintiffs have dismissed this claim.

## RESPONSE TO REQUEST FOR RELIEF

152. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 152 of their Request for Relief or to any other relief. If Plaintiffs were entitled to relief, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding

projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

153. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 153 of their Request for Relief or to any other relief. Further, the Court has already held that Plaintiffs are not entitled to injunctive relief with respect to Claims 22–23. *See* Doc. 129, at 5. If Plaintiffs were entitled to relief, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

154. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 154 of their Request for Relief or to any other relief. Further, the Court has already held that Plaintiffs are not entitled to injunctive relief with respect to Claims 22–23. *See* Doc. 129, at 5. If Plaintiffs were entitled to relief, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

155. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 155 of their Request for Relief or to any other relief. Further, the Court has already held that Plaintiffs are not entitled to injunctive relief with respect to Claims 22–23. *See* Doc. 129, at 5. If Plaintiffs were entitled

to relief, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

156.   Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 156 of their Request for Relief or to any other relief.  If Plaintiffs were entitled to relief, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

157.   Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 157 of their Request for Relief or to any other relief.  If Plaintiffs were entitled to relief, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

158.   Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 158 of their Request for Relief or to any other relief.  If Plaintiffs were entitled to relief, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding

projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

159. Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 159 of their Request for Relief or to any other relief. If Plaintiffs were entitled to relief, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

160. Defendants deny that Plaintiffs are entitled to any of the relief requested in their Request for Relief or to any other relief. Further, the Court has already held that Plaintiffs are not entitled to injunctive relief with respect to Claims 22–23. *See* Doc. 129, at 5. If Plaintiffs were entitled to relief, Defendants deny that any individual Defendant that neither owns nor operates a unit may be held liable for claims regarding projects undertaken at such unit or compelled to provide relief regarding any liability for such claims.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted. Plaintiffs' claims that Defendants failed to obtain Montana air quality permits to operate alleged

modifications fail to state a claim under the CAA.[2] Further the Complaint is devoid of any factual basis for aggregating projects together as alleged in Claims 13-14 and fails to allege why the projects allegedly combined in Claims 13-14 should be considered a single physical change or modification under the PSD rules. Because the factual bases for aggregating these projects is a factual and legal predicate to considering whether a project would be considered a single physical change under the PSD program, and Plaintiffs allegations constitute conclusory and speculative allegations, Claims 13-14 fail on their face. Further, the Complaint fails to state a claim upon which relief can be granted to the extent that it attempts to hold individual Defendants liable or seek relief for allegations regarding units that they neither own nor operate.

## SECOND DEFENSE
### (Statute of Limitations)

Plaintiffs' PSD claims that arise from alleged activities that occurred before 2008 (*i.e.*, Claims 10, 13, 16, and 19) are barred in whole or in part by the five-year statute of limitations set forth in 28 U.S.C. § 2462.

---

[2] Magistrate Lynch previously held that Plaintiffs' Montana air quality permitting contentions stated a claim under the CAA. Doc. 111, at 37. This Court subsequently adopted Magistrate Lynch's findings. Doc. 129, at 11. Defendants assert this defense here to preserve it.

## THIRD DEFENSE
### (Concurrent Remedy Doctrine)

Plaintiffs' concurrent claims seeking injunctive and declaratory relief are barred in whole or in part by the concurrent remedy doctrine.

## FOURTH DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches. The violations alleged in Plaintiffs' Complaint arise from activities that date back as many as eleven years from the date Plaintiffs filed their first complaint in this case. Plaintiffs have not been diligent in bringing suit in a timely manner. Plaintiffs delayed investigating and bringing their lawsuit by more than a decade. The delay was unreasonable, given the magnitude of Plaintiffs' claims and purported interests. This lack of diligence has prejudiced Defendants because the passage of time has limited evidence, made events less fresh for witnesses, and, in the event Plaintiffs were to prevail, allowed Defendants to continue to operate and invest in the Plant under their firm belief it was in compliance with the law, while allowing the Plaintiffs to lengthen the amount of time for which they may seek penalties and other relief.

## FIFTH DEFENSE
### (Estoppel, Waiver, Acquiescence)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and acquiescence. Defendants have reasonably relied upon

representations, silence or inaction by the state of Montana, through MDEQ and other state agencies, and the federal government, regarding the Plant and projects that are or would be subject to PSD or other air quality regulations that Defendants reasonably relied upon. Defendants would suffer a detriment if such representations could no longer be relied upon. As citizen Plaintiffs seeking to enforce the CAA as private attorneys general, Plaintiffs are therefore equitably estopped from asserting claims that are contrary to such prior representations.

### SIXTH DEFENSE
**(Mootness)**

To the extent Plaintiffs request relief in the form of pollution controls that would constitute Best Available Control Technology ("BACT") for $SO_2$, NOx, CO, PM, PM10, and PM2.5, their request is mooted by operation of existing controls at the plant that would constitute BACT for those pollutants at the Colstrip Units.

### SEVENTH DEFENSE
**(Standing)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing. No actual or imminent endangerment to health or the environment exists. Therefore Plaintiffs and Plaintiffs' members cannot show an injury-in-fact to a legally cognizable interest. Given the absence of any injury-in-fact, Plaintiffs and Plaintiffs' members cannot show that they have suffered any harm that may be

redressed by a favorable decision in the instant litigation. Further, no causal connection exists between the injuries Plaintiffs and Plaintiffs' members assert and the alleged violations of Defendants. Plaintiffs cannot assert associational standing on behalf of their members because their members lack standing.

### EIGHTH DEFENSE
### (Compliance)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times, with regard to the PSD and Montana air quality regulations Plaintiffs allege have been violated by Defendants, the Plant has been in compliance with applicable provisions of the Clean Air Act, EPA's implementing regulations, the statutes and regulations of the State of Montana, Montana's State Implementation Plan, the requirements and conditions of applicable Montana permits, and EPA and State guidance.

### NINTH DEFENSE
### (Valid Operating Permits)

Plaintiffs' claims are barred, in whole or in part, because the Plant had valid operating permits, continuously in force, issued by the State of Montana, with EPA oversight, authorizing operation of each unit listed in the Complaint. Defendants have complied with those permits with respect to the allegations asserted in the Complaint.

## TENTH DEFENSE
## (No Major Modification)

Plaintiffs' claims are barred because no change Defendants may have made to the Plant since EPA's approval of Montana's PSD program constituted a "major modification" under that program. Plaintiffs' have not proven the activities alleged in the Complaint to be modifications that involved "physical change[s]" or "change[s] in the method of operation" as defined under the CAA or Montana's State Implementation Plan ("SIP").

## ELEVENTH DEFENSE
## (Routine Maintenance, Repair, or Replacement)

Plaintiffs' claims are barred, in whole or in part, because the activities alleged in the Complaint to be modifications were routine maintenance, repair, or replacement projects, and therefore are excluded from any PSD permitting requirement.

## THIRTEENTH DEFENSE
## (Injunctive Relief)

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because: the CAA does not authorize injunctive relief against the continued operation of a source even if there was failure to adhere to PSD permitting requirements; the CAA does not authorize injunctive relief to improve general environmental conditions not harmed by Defendants' alleged violations; and Units 1-4 are equipped with controls that achieved the equivalent of BACT limits and

otherwise meet the emission limits and standards that would have applied at the time one or more of the projects alleged in the Complaint occurred, for one or more pollutants. Further, any individual Defendant that neither owns nor operates a unit cannot be ordered to provide injunctive relief regarding such unit.

## FOURTEENTH DEFENSE
### (Fair Notice)

If the interpretations of routine maintenance, repair, and replacement and the method of calculating emissions that Plaintiffs have asserted are lawful, Defendants were not given fair notice by the applicable regulations, and substantive due process forbids the retroactive imposition on Defendants of Plaintiffs', EPA's, or Montana's new and vague legal interpretations of the CAA and PSD implementing regulations. The interpretations were not accomplished by valid rulemaking as required by the Administrative Procedure Act, 5 U.S.C. §§ 551-553, section 307(d) of the CAA, 42 U.S.C. § 7607(d), or Montana's Administrative Procedure Act, Mont. Code Ann. §§ 2-4-101 to 2-4-711, were not published in the Federal Register, and are not binding on Defendants under 44 U.S.C. § 1507.

## FIFTEENTH DEFENSE
### (Void for Vagueness)

Plaintiffs' claims are barred, in whole or in part, because the alleged violations are predicated on regulations, as well as regulatory interpretations, that

are void for vagueness and that, therefore, violate Defendants' right to due process of law under the Fourteenth Amendment to the Constitution of the United States.

## SIXTEENTH DEFENSE
### (Excessive Fines)

Plaintiffs' claims are barred, in whole or in part, because the fines and forfeitures sought by Plaintiffs in this case fail to bear a relationship to the gravity of the alleged offenses and are grossly disproportionate. As such, Plaintiffs seek to impose an excessive fine in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States.

## SEVENTEENTH DEFENSE
### (Balance of Equities)

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because the equities of this case weigh against such relief, and Plaintiffs' claims for equitable relief are contrary to the public interest.

## EIGHTEENTH DEFENSE
### (Unanswered Allegations)

To the extent any allegations of the Complaint has not been answered, Defendants specifically deny them.

## NINETEENTH DEFENSE
### (Reservation of Rights)

Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and trial, and thus reserve the right to amend their defenses.

## DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court determine:

A.     Judgment in favor of Defendants and against Plaintiffs dismissing Plaintiffs' Complaint with prejudice;

B.     Defendants should be awarded their attorney's fees, court costs, and other costs incurred against claims brought by Plaintiffs; and

C.     Any other and further relief this Court determines to be just and proper.


Dated this 26th day of September, 2014.


   /s/ William W. Mercer
William W. Mercer

**COUNSEL FOR PPL MONTANA, LLC, PUGET SOUND ENERGY AND PORTLAND GENERAL ELECTRIC COMPANY**

_/s/_ Stephen R. Brown
Stephen R. Brown

**COUNSEL FOR AVISTA CORPORATION AND PACIFICORP**


_/s/_ Stephen D. Bell
Stephen D. Bell

**COUNSEL FOR NORTHWESTERN CORPORATION**


_/s/_ Joshua B. Frank
Joshua B. Frank (admitted _pro hac vice_)

**COUNSEL FOR DEFENDANTS**